UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIE C. KELLOW,

       Plaintiff,                               Case No. 1:07-CV-1224

v.                                            HON. GORDON J. QUIST

LINCOLN FINANCIAL GROUP,

       Defendant.
                                   /

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Marie C. Kellow ("Kellow"), sued Defendant, Lincoln Financial Group ("Lincoln"), alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461, in connection with Lincoln's denial of Kellow's claim for long-term disability benefits under a group disability insurance policy (the "Policy") that Lincoln issued to Kellow's employer, Hospice of Michigan ("Hospice"). With the exception of Kellow's claim for the statutory penalty pursuant to § 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), now before the Court, the parties have settled the matter as described in the Order entered contemporaneously with this Memorandum Opinion and Order.

      Hospice is the sponsor of Weekly Disability Income Insurance for Employees of Hospice of Michigan, an ERISA plan ("Plan"). Hospice obtained group coverage under the Policy to fund the Plan. Kellow became disabled as a result of fibromyalgia and applied for Plan benefits. Lincoln approved Kellow's claim for short term benefits and initially approved her claim for long term benefits. However, in July of 2007, Lincoln notified Kellow that it was terminating her benefits.

In connection with her appeal of that decision, Kellow requested various documents from Lincoln, including the Policy and the Summary Plan Description ("SPD"). Lincoln responded by providing various documents, but not the SPD.

Kellow filed her complaint against Lincoln on December 5, 2007.[1] Lincoln finally provided the SPD on May 2, 2008, when it filed the administrative record in this case. Kellow claims that she is entitled to an award of statutory damages based upon Lincoln's failure to furnish the SPD.

Section 502(c)(1) of ERISA provides for a statutory penalty as follows:

> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator), by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. . . .

29 U.S.C. § 1132(c)(1). The maximum *per diem* penalty has been increased to $110 by regulation. 29 C.F.R. § 2575.502c-1.

Pursuant to ERISA § 104(b)(4), an administrator must, "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description . . . and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). The term "administrator" means:

> (I) the person specifically so designated by the terms of the instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor; or
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A).

---

[1] Kellow filed her complaint *pro se* but subsequently obtained counsel.

2

The documents under which the Plan is operated include the Policy and the SPD. The Policy does not identify the Plan administrator or the Plan sponsor. The Policy does address the scope of Lincoln's discretionary authority as follows:

> Except for the functions that the Policy clearly reserves to the Group Policyholder or Employer, the Company has the authority to:
> (1) manage the Policy and administer claims under it; and
> (2) interpret the provisions and resolve questions arising under the Policy.
>
> The Company's authority includes (but is not limited to) the right to:
> (1) establish and enforce procedures for administering the Policy and claims under it;
> (2) determine your eligibility for insurance and entitlement to benefits;
> (3) determine what information the Company reasonably requires to make such decisions; and
> (4) resolve all matters when a claim review is requested.
>
> Any decision the Company makes, in the exercise of its authority, shall be conclusive and binding; subject to your rights to:
> (1) request a state insurance department review; or
> (2) bring legal action.

(Policy at 12, Administrative Record at LFG 0080.)

The SPD identifies Hospice as both the Plan administrator and Plan sponsor. The SPD further provides that Hospice is the designated agent for the service of legal process for the Plan. Finally, it states that Hospice's functions include: (1) receipt and deposit of contributions; (2) maintenance of records of Plan participants; (3) authorization and payment of Plan administrative expenses; (4) selection of the insurance consultant; (5) selection of the insurance carrier; and (6) assisting Lincoln. (SPD at 1, Administrative Record at LFG 0081.)

Kellow contends that Lincoln is liable for the statutory penalty because § 502(c)(1) does not limit liability simply to the Plan administrator, but includes "[a]ny administrator." Kellow notes that ERISA permits Plan functions to be delegated to or performed by more than one fiduciary. She further notes the Policy states that Hospice, the employer, would perform only the functions that the

Policy "clearly reserves" to Hospice and that the Policy neither reserves Plan administrator functions to Hospice nor identifies Hospice as the Plan administrator. In fact, she argues, Lincoln performed essentially all of the administrative functions in this case.

The Sixth Circuit has repeatedly held "that only plan administrators are liable for statutory penalties under § 1132(c)." *Caffey v. UNUM Life Ins. Co.*, 302 F.3d 576, 584 (6th Cir. 2002) (citing *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 960 (6th Cir. 2001) ("The law in this Circuit is clear that '[o]nly a plan administrator can be held liable under section 1132(c).'") (quoting *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992)). *See also Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 843 (6th Cir. 2007) (same). Although the Policy fails to identify any Plan administrator, the SPD expressly states that Hospice is the Plan administrator. This designation in the SPD is not contrary to the Plan, and Kellow cites no authority precluding the Court from considering the Policy and the SPD in tandem as the relevant Plan documents. Moreover, even if the Court were to consider only the Policy, it would still be required to conclude that Hospice is the Plan administrator, because in the absence of the designation of a Plan administrator, the Plan sponsor, defined as the employer, *see* 29 U.S.C. § 1002(16)(B), is considered the Plan administrator.

Kellow's argument that Lincoln should be considered the Plan administrator under the circumstances presented here relies upon the *de facto* plan administrator theory of liability adopted by other circuits. *See Law v. Ernst & Young*, 956 F.2d 364 (1st Cir. 1992); *Fisher v. MetLife*, 895 F.2d 1033 (5th Cir. 1990); and *Rosen v. TRW*, 979 F.2d 191 (11th Cir. 1992). However, the Sixth Circuit continues to adhere to the rule in *Caffey* and the other cases cited above. No decision from the Sixth Circuit suggests that it would deviate from its established rule. In fact, in *Webb v. Cariten Insurance Co.*, 188 F. App'x 391 (6th Cir. 2006), the Sixth Circuit rejected an argument similar to Kellow's:

>   Webb's argument and the district court's conclusion that [the insurer] should be "considered" the plan administrator because [the insurer] had access to the relevant information is mistaken. ERISA does not recognize a putative plan administrator especially when a statutory administrator has been named in the plan document and statutory penalties may be awarded, if at all, only against the "real" plan administrator.

*Id.* at 394.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's request for the statutory penalty pursuant to ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1) is **DENIED**.


Dated:  September 29, 2008                                /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE